**EISENBERG RAIZMAN THURSTON & WONG LLP**
Adam J. Thurston (SBN 162626)
athurston@ertwllp.com
Sheldon Eisenberg (SBN 100626)
seisenberg@ertwllp.com
10880 Wilshire Boulevard, Eleventh Floor
Los Angeles, California 90024
Telephone:  (310) 445-4400
Facsimile:    (310) 445-4410
athurston@ertwllp.com

Attorneys for Plaintiffs
G. Alexander Hill, Jo Ann K. Hill,
and Richard Stowell

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. ALEXANDER HILL, an individual; JO ANN K. HILL, an individual; and RICHARD STOWELL, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>NATIONAL ASSOCIATION OF FLIGHT INSTRUCTORS, INC., a Kentucky corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  CV09-6851-CAS (JCx)<br><br>**RESPONSE TO ORDER TO SHOW CAUSE**<br><br><br><br><br><br><br><br><br><br>Discovery cut-off: None set<br>Trial Date:            None set |

    Plaintiffs G. Alexander Hill, Jo Ann K. Hill, and Richard Stowell (collectively, "Plaintiffs") respectfully submit the following response to the Order to Show Cause Re: Submission Of Forms AO 120 (Patent or Trademark) and/or AO

121 (Copyright) dated October 15, 2009 (the "OSC"), and request that the OSC be discharged.

The copyright claims in this action are based upon a work known as the *Master Instructor Program.* An application for copyright registration of the *Master Instructor Program* was filed with the United States Copyright Office on April 23, 2009, and the work was deposited with the United States Copyright Office under in-process case number 1-185721221 on the same date. However, a registration number has not yet been received from the Copyright Office. The trademarks at issue (i.e., Master Instructor Program, Master Certificated Flight Instructor, MCFI, MFI, Master Ground Instructor, MGI, Master Instructor Emeritus, and MI-E) are all common law trademarks that have not been registered with the United States Patent and Trademark Office. Accordingly, no registration numbers are available for these trademarks.

In reviewing forms AO 120 and AO 121 and the relevant statutes in advance of filing the complaint, counsel for Plaintiffs concluded that none of them was required because registration numbers did not exist for any of the copyrights or trademarks at issue. More specifically, with respect to trademark actions, 15 U.S.C. § 1116(c) provides in pertinent part: "It shall be the duty of the clerks of such courts within one month after the filing of any action, suit, or proceeding involving a mark *registered* under the provisions of this chapter to give notice thereof in writing to the Director. . . ." (emphasis added). Because this action does not involve a registered mark, this section does not appear to require any notice.

Similarly, with respect to copyrights, 17 U.S.C. § 508 provides: "Within one month after the filing of any action under this title, the clerks of the courts of the United States shall send written notification to the Register of Copyrights setting forth, as far as is shown by the papers filed in the court, the names and addresses of the parties and the title, author, and *registration number* of each work involved in the action" (emphasis added). While this language is slightly different, it appears to

1  be in same spirit as the trademark statute. Because no registration number has yet
2  been received, this section is also susceptible of the interpretation that it does not
3  require notice, at least until the registration number is received.

4      Plaintiffs expect to receive a copyright registration number for the *Master*
5  *Instructor Program* within the next two to three weeks, and intended to file form
6  AO 121 upon receiving the registration number. Until then, the filing and
7  prosecution of this action is appropriate based upon the filing of the application for
8  copyright registration. *See Penpower Technology, Ltd. v. S.P.C. Technology, GLZ*
9  *Service Inc.*, 627 F.Supp.2d 1083 (N.D. Cal. 2008), stating:

> The Court is convinced that the plain language of § 411 permits a
> plaintiff to initiate a copyright infringement claim before the actual
> issuance of a registration certificate. Section 411 unambiguously states
> that after "preregistration" of a copyright, a copyright action may be
> filed. Plaintiffs allege that they "have filed [an] application for
> registration with the United States Copyright Office under the In-
> Process No. 155860333." Compl. ¶ 34. Such an action is equivalent to
> "preregistration." Plaintiffs have therefore sufficiently pled a copyright
> infringement action.

19      After receiving the Court's OSC, Plaintiffs' counsel reviewed the docket and
20  discovered the Court's order dated October 9, 2009, directing Plaintiffs to file form
21  AO 120 and/or AO121. For unknown reasons, Plaintiffs' counsel has no record of
22  receiving this order via ECF service, and was not aware of it prior to receiving the
23  OSC and reviewing the Court's docket via the PACER system. Based upon this
24  order and the OSC, Plaintiffs filed form AO 121 on October 16, 2009, using the in
25  process case number, 1-185721221, instead of the registration number.

Based on the foregoing, Plaintiffs respectfully request that the OSC be discharged, and that the filing of form AO 121 on October 16, 2009, be deemed sufficient.

Dated: October 22, 2009

Respectfully submitted,

**EISENBERG RAIZMAN THURSTON & WONG LLP**
Adam J. Thurston
Sheldon Eisenberg


By:_____/s/_____
          Adam J. Thurston
Attorneys for Plaintiffs
G. Alexander Hill, Jo Ann K. Hill, and
Richard Stowell