Audra M. Mori, Bar No. 162850
AMori@perkinscoie.com
Katherine M. Dugdale, Bar No. 168014
KDugdale@perkinscoie.com
PERKINS COIE LLP
1888 Century Park E., Suite 1700
Los Angeles, CA 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Attorneys for Defendant
NATIONAL ASSOCIATION OF FLIGHT
INSTRUCTORS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| G. ALEXANDER HILL, an individual; JO ANN K. HILL, an individual; and RICHARD STOWELL, an individual, <br><br> Plaintiffs, <br><br> v. <br><br> NATIONAL ASSOCIATION OF FLIGHT INSTRUCTORS, INC., a Kentucky corporation; and DOES 1 through 10, inclusive, <br><br> Defendants. | Case No. 09cv06851 CAS-JC <br><br> DEFENDANT NATIONAL ASSOCIATION OF FLIGHT INSTRUCTIONS, INC'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT <br><br> DEMAND FOR JURY |

Defendant National Association of Flight Instructors, Inc. ("NAFI") admits, denies and answers the First Amended Complaint as set forth below.

**JURISDICTION AND VENUE**

1. Paragraph 1 of the First Amended Complaint states a legal conclusion to which no response is required.

2. Denied.

3. Denied.

# THE PARTIES

4. In response to Paragraph 4, NAFI lacks sufficient information to admit or deny the allegations and on that basis denies the allegations.

5. In response to paragraph 5, NAFI admits that Sandy Hill lives in Colorado. NAFI further states that Sandy Hill, in his role as NAFI's Co-Director of Education, a NAFI board member, and a member of NAFI's Professional Standards Committee, worked with NAFI on the NAFI Master Instructor Program. NAFI further states that Sandy Hill was authorized by NAFI to review applications for the NAFI Master Instructor Program on NAFI's behalf and was paid by NAFI pursuant to an independent contractor agreement to review applications starting in 2000. NAFI denies the remaining allegations.

6. In response to paragraph 6, NAFI admits that Jo Ann Hill lives in Colorado. NAFI further states that Jo Ann Hill, in her role as NAFI's Co-Director of Education, a NAFI board member, and a member of NAFI's Professional Standards Committee, worked with NAFI on the NAFI Master Instructor Program. NAFI further states that Jo Ann Hill was authorized by NAFI to review applications for the NAFI Master Instructor Program on NAFI's behalf and was paid by NAFI pursuant to an independent contractor agreement to review applications starting in 2000. NAFI denies the remaining allegations.

7. In response to paragraph 7, NAFI states that while the aerobatic designation portion of the NAFI Master Instructor Program existed, Stowell helped to review and the applications. NAFI denies the remaining allegations.

8. In response to paragraph 8, NAFI admits that it is a Kentucky corporation with its principle place of business in Oshkosh, Wisconsin. NAFI states that it is a professional organization of flight instructors. To the extent any of the remaining allegations in Paragraph 8 require a response, NAFI denies those allegations.

9. In response to paragraph 9, NAFI states that it is a national organization with members in California. NAFI lacks sufficient information to admit or deny the remaining allegations in paragraph 9 of the First Amended Complaint and on that basis denies the allegations.

10. In response to paragraph 10, NAFI states that it operates a website at www.nafinet.org. NAFI admits that through its website new members can join NAFI and existing members can renew their membership. NAFI states that it advertises and promotes its NAFI Master Instructor Program through its website. NAFI lacks sufficient information to admit or deny the remaining allegations in paragraph 10 of the First Amended Complaint and on that basis denies the allegations.

11. Denied.

## THE HILLS

12. In response to paragraph 12, NAFI states that the Hills, in their roles as NAFI's Co-Directors of Education, board members, and members of NAFI's Professional Standards Committee, worked with NAFI on the NAFI Master Certificated Flight Instructor ("CFI") Program, which would later be known as the NAFI Master Instructor Program (collectively, "NAFI Master Instructor Program"). NAFI further states that paragraph 12 alleges that the Hills authored a program which is not attached as an exhibit to the First Amended Complaint. To the extent the remainder of the allegations in paragraph 12 refer to Exhibit A to the First Amended Complaint, NAFI lacks sufficient information to admit or deny the remaining allegations in paragraph 12 and on that basis denies the allegations.

13. In response to paragraph 13, NAFI lacks sufficient information to admit or deny the allegations concerning Exhibit A to the First Amended Complaint, and on that basis denies the allegations.

14. Denied.

15. Denied.

16.    In response to paragraph 16, NAFI states that the Hills were at all times members of the Board of Directors of NAFI during the time in which the NAFI Master Instruction program was created by NAFI. NAFI further responds that the Hills were compensated on a per application basis to review the NAFI Master Instructor program applications pursuant to an Independent Contractor Agreement starting in 2000. NAFI denies the remaining allegations.

17.    In response to paragraph 17, NAFI admits that there is no written agreement between the Hills and NAFI specifying that the "Master Instructor Program" attached as Exhibit A is a work for hire. NAFI further admits that there is no written license agreement between NAFI and the Hills. NAFI denies the remaining allegations.

## **RICH STOWELL**

18.    Denied.

19.    In response to paragraph 19, NAFI states that the NAFI Master Instructor Program was expanded to include an Aerobatic designation to be awarded to qualifying aerobatic flight instructors. NAFI denies that Rich Stowell authored the NAFI Aerobatics designation. To the extent the remainder of the allegations in paragraph 19 refer to Exhibit A to the First Amended Complaint, NAFI lacks sufficient information to admit or deny the remaining allegations in paragraph 19 of the First Amended Complaint and on that basis denies the allegations.

20.    In response to paragraph 20, NAFI states that it neither employed nor compensated Rich Stowell to author the NAFI Aerobatics designation. NAFI denies the remaining allegations in paragraph 20 of the First Amended Complaint.

21.    In response to paragraph 21, to the extent the allegations refer to Exhibit A to the First Amended Complaint, NAFI states that there is no written agreement between Rich Stowell and NAFI specifying that Exhibit A is a work for

1  hire. NAFI further states that there is no written license agreement between NAFI
2  and Rich Stowell regarding Exhibit A. NAFI denies the remaining allegations.
3       22.   Denied.
4       23.   In response to paragraph 23, NAFI states that in 2009 it received a
5  letter from Rich Stowell dated February 2, 2008. NAFI denies the remaining
6  allegations.

## THE HILLS' ALLEGED TRADEMARKS

8       24.   Denied.
9       25.   Denied.
10      26.   Denied.

## RICH STOWELL'S ALLEGED TRADEMARKS

12      27.   Denied.
13      28.   Denied.
14      29.   Denied.

## ALLEGED INFRINGEMENT OF INTELLECTUAL PROPERTY RIGHTS

16      30.   In response to paragraph 30, NAFI states that in 2009 it received a
17  letter from Rich Stowell dated February 2, 2008. NAFI denies the remaining
18  allegations.
19      31.   In response to paragraph 31, NAFI states that in 2009 it received a
20  letter from Rich Stowell dated February 2, 2008. NAFI denies the remaining
21  allegations.
22      32.   In response to paragraph 32, NAFI states that in 2009 it received a
23  letter from the Hills dated February 3, 2008. NAFI denies the remaining
24  allegations.
25      33.   In response to paragraph 33, NAFI states that in 2009 it received a
26  letter from the Hills dated February 3, 2008. NAFI denies the remaining
27  allegations.
28  / / /

## FIRST CLAIM FOR RELIEF

34. In response to paragraph 34, NAFI incorporates its responses to paragraphs 1 through 33.

35. In response to paragraph 35, NAFI denies that the "Master Instructor Program" attached as Exhibit A to the First Amended Complaint is Plaintiffs' original work. NAFI further denies that Plaintiffs are entitled to copyright protection for Exhibit A to the First Amended Complaint under the Copyright Act. To the extent any of the remaining allegations in Paragraph 35 require a response, NAFI denies those allegations.

36. Denied.

37. Denied.

38. Denied.

39. In response to paragraph 39, NAFI states that it has published its NAFI Master Instructor Program and distributed related materials since 1997. NAFI denies the remaining allegations.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Denied.

46. Denied.

## SECOND CLAIM FOR RELIEF

47. In response to paragraph 47, NAFI incorporates its responses to paragraphs 1 through 46.

48. In response to paragraph 48, NAFI denies that Exhibit A to the First Amended Complaint is Plaintiffs' original work or original derivative work subject to copyright protection by Plaintiffs under the Copyright Act. NAFI further denies

1  that Plaintiffs are entitled to copyright protection for Exhibit A to the First
2  Amended Complaint under the Copyright Act.  To the extent any of the remaining
3  allegations in Paragraph 48 require a response, NAFI denies those allegations.
4        49.   Denied.
5        50.   Denied.
6        51.   Denied.
7        52.   Denied.
8        53.   Denied.
9        54.   Denied.
10       55.   Denied.
11       56.   Denied.
12       57.   Denied.
13       58.   Denied.
14       59.   Denied.

### THIRD CLAIM FOR RELIEF

**(By the Hills and Rich Stowell Against All Defendants)**

17       60.   In response to paragraph 60, NAFI incorporates its responses to
18  paragraphs 1 through 59.
19       61.   Denied.
20       62.   Denied.
21       63.   Denied.
22       64.   Denied.

### FOURTH CLAIM FOR RELIEF

24       65.   In response to paragraph 65, NAFI incorporates its responses to
25  paragraphs 1 through 64.
26       66.   Denied.
27       67.   Denied.
28       68.   Denied.

## FIFTH CLAIM FOR RELIEF

69-75. Plaintiffs' Fifth Claim has been dismissed.

## SIXTH CLAIM FOR RELIEF

76. In response to paragraph 76, NAFI incorporates its responses to paragraphs 1 through 75.

77. In response to paragraph 77, NAFI contends that its use, reproduction, marketing, sale, and distribution of the NAFI Master Instructor Program and the Aerobatics designation are lawful. NAFI denies the remaining allegations.

78. In response to paragraph 78, NAFI states that Plaintiffs have no rights to the NAFI Master Instructor Program and related NAFI Aerobatics designation. NAFI denies the remaining allegations.

79. Denied.

80. In response to paragraph 80, NAFI states that Plaintiffs have no rights to any marks associated with the NAFI Master Instructor Program and related NAFI Aerobatics designation. NAFI denies the remaining allegations.

81. Denied.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses, Defendant NAFI alleges as follows:

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiffs' claims are barred by doctrine of laches.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiffs' claims are barred by doctrine of estoppel.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs' claims are barred by acquiescence.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' claims are barred by doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiffs' claims are barred by doctrine of waiver.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiffs' claims are barred by doctrine of fair use.

**SEVENTH AFFIRMATIVE DEFENSE**

7. Plaintiffs lack standing to bring their claims.

**EIGHTH AFFIRMATIVE DEFENSE**

8. Plaintiffs' claims are barred on the grounds of copyright misuse.

**NINTH AFFIRMATIVE DEFENSE**

9. The Court lacks personal jurisdiction over NAFI and venue is improper.

**TENTH AFFIRMATIVE DEFENSE**

10. If Plaintiffs are found to be authors or owners of any of the copyrighted works at issue, NAFI and Plaintiffs were at all times joint authors or owners.

**ELEVENTH AFFIRMATIVE DEFENSE**

11. Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

**TWELFTH AFFIRMATIVE DEFENSE**

12. Any alleged infringement was inadvertent and innocent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

13. Plaintiffs' right to damages, if any, is limited by their failure to mitigate their damages.

**FOURTEENTH AFFIRMATIVE DEFENSE**

14. Plaintiffs are not entitled to any recovery against NAFI because Plaintiffs caused or contributed to the injuries or damages complained of through their own negligent, willful or bad faith conduct, including, but not limited to the Hills' breach of the independent contractor agreement with NAFI.

///

///

**FIFTEENTH AFFIRMATIVE DEFENSE**

15. The alleged marks are not recognized by the consuming public to symbolize the goods and/or services exclusively of the Plaintiffs.

**SIXTEENTH AFFIRMATIVE DEFENSE**

16. Plaintiffs' claims fail because Plaintiffs are not the owners of the marks asserted and do not own valid, enforceable rights in the marks asserted.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

17. Plaintiffs' claims fail because Plaintiffs are not the owners or authors of the copyrighted works asserted.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

18. Any confusion, mistake or deception alleged by Plaintiffs is a result of actions by Plaintiffs or third parties, not NAFI.

**NINETEENTH AFFIRMATIVE DEFENSE**

19. Plaintiffs' claims for statutory damages and attorneys' fees under 17 U.S.C. §§504 and 505 are barred because Plaintiffs copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. §412.

**TWENTIETH AFFIRMATIVE DEFENSE**

20. Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

21. Plaintiffs state based claims are preempted.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

22. NAFI was authorized by Plaintiffs to engage in the allegedly infringing conduct.

/ / /

/ / /

## TWENTY-THIRD AFFIRMATIVE DEFENSE

23. Plaintiffs engaged in fraud on the Copyright Office in that they intentionally made false representations in the applications for registrations that they authored the subject works, and their misrepresentations were material in that without the misrepresentations the registrations would not have issued.

24. NAFI reserves the right to assert such other affirmative defenses as are identified in further investigation and discovery of Plaintiffs' claims.

WHEREFORE, NAFI prays:

(a) That Plaintiffs' First Amended Complaint be dismissed with prejudice and that Plaintiffs take nothing by their First Amended Complaint;

(b) That Plaintiffs' request for an injunction be denied;

(c) That NAFI be awarded its reasonable attorneys' fees and costs of suit under 17 U.S.C. § 505;

(d) That the Court order Plaintiffs to pay to NAFI both the costs of this action and the reasonable attorneys' fees incurred by it in defending this action; and

(e) That NAFI be awarded such other and further relief as the Court may deem just and proper.

DATED: January 6, 2010              **PERKINS COIE LLP**

By: s/ Katherine M. Dugdale
    Katherine M. Dugdale

Attorneys for Defendant
NATIONAL ASSOCIATION OF
FLIGHT INSTRUCTORS, INC.

# DEMAND FOR JURY TRIAL

Defendant National Association of Flight Instructors, Inc., hereby demands a jury trial.

DATED: January 6, 2010  **PERKINS COIE LLP**

By: s/ Katherine M. Dugdale
Katherine M. Dugdale

Attorneys for Defendant
NATIONAL ASSOCIATION OF
FLIGHT INSTRUCTORS, INC.